6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00033-CV


______________________________





IN RE: LEVON DENMARK








 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter








MEMORANDUM OPINION



 Levon Denmark has filed a petition asking this Court to issue a writ of mandamus. In that
motion, he asks us to order a district court to rule on a motion which he filed pursuant to Tex. Code
Crim. Proc. Ann. art. 64.01-.05 (Vernon Supp. 2003).

 Tex. R. App. P. 52 sets out a series of informational requirements that must be met in order
for this Court to be able to consider a petition for writ of mandamus. This petition fails on a number
of grounds which make it impossible for us to consider the motion on the merits. From this petition,
we cannot ascertain the district court involved or the county(ies) in which it lies. We also cannot
determine the nature of the motion about which Denmark complains, the date of its filing, the
matters contained in the motion, or whether it was delivered to the district court. 

 The petition does not provide sufficient information to determine the merits of the claim.
Accordingly, we cannot conclude that the Relator is entitled to the relief sought.

 The petition is denied.



 Jack Carter

 Justice


Date Submitted: March 4, 2003

Date Decided: March 5, 2003



in"> 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 12,924


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            After waiving his right to a jury trial and pleading no contest to the charged offense of
aggravated robbery, Jose Jorge Martinez was found guilty and sentenced to twenty years'
confinement in the Texas Department of Criminal Justice, Institutional Division. Martinez now
appeals, contending the trial court erred by overruling his motion to suppress. We affirm.
Standard of Review
            Appellate courts review a trial court's ruling on a motion to suppress by employing an abuse
of discretion standard. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). Because "the
trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be
given their testimony . . . the judge may believe or disbelieve all or any part of a witness's testimony,
even if that testimony is not controverted." State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000) (citations omitted). Therefore, "[w]e give almost total deference to a trial court's rulings on
questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of
credibility and demeanor," Johnson v. State, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002), while
viewing the evidence in the light most favorable to the trial court's ruling, State v. Ballard, 987
S.W.2d 889, 891 (Tex. Crim. App. 1999).
Analysis
            In his sole point of error, Martinez contends the trial court erred by denying his motion to
suppress because he was arrested without probable cause and without a warrant by an officer
operating outside his jurisdiction. The State concedes Robert Cromley, the officer investigating the
underlying aggravated robbery, did act outside his jurisdiction when he arrested Martinez, but
maintains that it was not error for the trial court to deny Martinez's motion to suppress because his
statement was given before his arrest. The question on appeal, therefore, is whether Martinez was
in custody at the time he gave his statement, admitting his involvement in the crime.
            In Miranda v. Arizona, 384 U.S. 436, 444 (1966), the United States Supreme Court defined
custodial interrogation as "questioning initiated by law enforcement officers after a person has been
taken into custody or otherwise deprived of his freedom of action in any significant way." A person
is only considered to be in custody, however, if a reasonable person would believe, under the
circumstances, that his or her freedom of action was restrained to the degree associated with a formal
arrest. Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996) (citing Stansbury v.
California, 511 U.S. 318 (1994)). Providing some guidance in making this determination, the Texas
Court of Criminal Appeals outlined four general situations that may constitute custody:
(1) when the suspect is physically deprived of his freedom of action in any significant
way,  (2)  when  a  law  enforcement  officer  tells  the  suspect  that  he  cannot leave,
(3) when law enforcement officers create a situation that would lead a reasonable
person to believe that his freedom of movement has been significantly restricted, and
(4) when there is probable cause to arrest and law enforcement officers do not tell the
suspect that he is free to leave.

Id. at 255. Ultimately, after considering all of the objective circumstances, custody determinations
must be made on an ad hoc basis. Id. In other words, we must look to the totality of the
circumstances to determine whether Martinez's freedom of action was restrained to such an extent
that a reasonable person would believe he or she was under arrest.
 
            Investigator Cromley was the only witness to testify at the suppression hearing, clearly stating
that Martinez was not under arrest at the time he confessed his involvement in the robbery.


 He
testified, in part, as follows:
Q.        For what purpose was Mr. Martinez at the police department?

A.        I had gone to Mr. Martinez's residence and asked him if he would be willing
to talk to me about this case. He said he would and I said, well, to do that we'll go
down to the police department where we can sit down and take a statement, and he
voluntarily went with me to the police department and we sat down and took the
audio statement.

Q.        So if he had said no, I'm not going, would you have placed him under arrest
at that time?

A.        No, I would not.

Q.        But he did in fact agree to come with you and give a statement?

A.        He did.

Q.        And yet you still read him the Miranda warning on the audiotape statement,
correct?

A.        That's correct.

On cross-examination, Investigator Cromley admitted that, although Martinez was a suspect in the
case, he neither had a warrant for Martinez's arrest nor presented Martinez to a magistrate before
taking his statement. He maintained, however, that his purpose in visiting Martinez's residence was
simply to talk with Martinez and to elicit any information he had about the case. Investigator
Cromley further testified that, when asked, Martinez not only admitted hearing about the case, but
also voluntarily accompanied him to the police station in his car and gave his statement only after
he was advised—orally and in writing—of his rights under Miranda.


 
            Police station questioning, in and of itself, does not constitute custody. Dowthitt, 931 S.W.2d
at 255. The mere fact that an interrogation begins as noncustodial, however, does not prevent
custody from arising at some point later in time. Id. Generally,
when a person voluntarily accompanies law enforcement to a certain location, even
though he knows or should know that law enforcement suspects that he may have
committed or may be implicated in committing a crime, that person is not restrained
or "in custody." More specifically, so long as the circumstances show that he is
acting only upon the invitation, request, or even urging of law enforcement, and there
are no threats, either express or implied, that he will be taken forcibly, the
accompaniment is voluntary, and such person is not in custody.

Phillips v. State, No. 2-02-452-CR, 2004 Tex. App. LEXIS 1929, at *14–15 (Tex. App.—Fort Worth
Feb. 26, 2004, no pet. h.) (citations omitted); see Dancy v. State, 728 S.W.2d 772, 778–79 (Tex.
Crim. App. 1987). Even the fact that Investigator Cromley admitted giving Martinez Miranda
warnings does not alter the situation; instead, "this action probably reflects [Investigator Cromley's]
cautiousness rather than [his] intent to arrest or restrain appellant under the objective circumstances
of the interrogation." Rodriguez v. State, 939 S.W.2d 211, 217 (Tex. App.—Austin 1997, no pet.).
            Under similar circumstances, the Texas Court of Criminal Appeals noted that an appellant,
although read his of her Miranda warnings, was not treated as one under arrest when he or she
arrived at a police station for questioning. The appellant was not searched, fingerprinted,
handcuffed, photographed, or told he was under arrest, and, before the time he was actually arrested,
neither requested nor attempted to leave. Dancy, 728 S.W.2d at 777. The record in the present case
is likewise devoid of any such indicia of the intent to take Martinez into custody. The "mere
recitation of such warnings is more indicative of proper cautiousness than it is of the officer's intent
to arrest." Id. It is clear that Investigator Cromley suspected Martinez of involvement in the crime,
but did not consider him to be in custody until after Martinez confessed.
Conclusion
            Under the circumstances, we are unable to conclude the trial court abused its discretion in
overruling Martinez's motion to suppress. Accordingly, we affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 30, 2004
Date Decided:             May 11, 2004

Do Not Publish